1    IN THE UNITED STATES DISTRICT COURT

2    SOUTHERN DISTRICT OF ALABAMA

3    SOUTHERN DIVISION

4    _____

5    UNITED STATES OF AMERICA,          ) CRIMINAL NO. CR24-00077
                                        ) COURTROOM 4A
                                        ) U.S. FEDERAL COURTHOUSE
6    VS.                                ) MOBILE, ALABAMA
                                        ) JANUARY 27, 2025
7                                       ) PAGES 1 TO 22, INCLUSIVE
     REBECCA ELIZABETH MURPHY,          )
8                                       )
            DEFENDANT.                  )
9    _____ )

10

11                    SENTENCING HEARING
         BEFORE THE HONORABLE JEFFREY U. BEAVERSTOCK
12          CHIEF UNITED STATES DISTRICT COURT JUDGE

13   APPEARANCES:

14   FOR THE              U.S. Attorney's Office
     GOVERNMENT:          By: Jessica Terrill, Esq.
                          By: Tandice Blackwood, Esq.
15                        Assistant U.S. Attorney
                          63 South Royal Street, Suite 600
16                        Mobile, Alabama  36602

17   FOR DEFENDANT REBECCA ELIZABETH MURPHY:

18                        Federal Defenders, Inc.
                          By: Colin Fitzpatrick, Esq.
19                        Southern District of Alabama
                          11 North Water Street, Suite 11290
20                        Mobile, Alabama  36602

21   COURTROOM DEPUTY:    Melanie Paulk

22   PROBATION OFFICER:   Kelli Cleveland

23   COURT REPORTER:      Melanie Wilkins, RMR, CRR
                          Official Court Reporter

24

25

1          Proceedings reported by machine stenography.

2              Transcript produced by computer.

3      [January 27, 2025, 9:08 a.m.  The defendant is present

4      with counsel in open court.]

5          THE CLERK:  Case set for a sentencing hearing in

6  Criminal Action, 24-77, United States of America versus Rebecca

7  Elizabeth Murphy.

8          What says the United States?

9          MR. TERRILL:  The United States is ready, Your Honor.

10          THE CLERK:  What says the defendant?

11          MR. FITZPATRICK:  Ready.

12          THE COURT:  All right.  Good morning, Ms. Murphy.

13          THE DEFENDANT:  Good morning, sir.

14          THE COURT:  We are here today for a sentencing

15  hearing following the entry of your guilty plea on

16  September 27th of last year to Counts 1 and 3 of the

17  superceding indictment charging conspiracy to commit murder for

18  hire and possession of a firearm by a prohibited person.  Your

19  plea was entered pursuant to a written plea agreement, and the

20  presentence report has been published.

21          Mr. Fitzpatrick, I assume you and Ms. Murphy have had

22  an opportunity to discuss that presentence report?

23          MR. FITZPATRICK:  Yes, Your Honor.  No objections.

24          THE COURT:  Ms. Murphy, do you understand what's

25  contained in that presentence report?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Okay.  Now, I do note that there are no

3   objections.  Are there any matters regarding the content of the

4   report we need to talk about?  Mr. Fitzpatrick?

5          MR. FITZPATRICK:  No.

6          THE COURT:  All right.  From the United States?

7          MR. TERRILL:  No, Your Honor.

8          THE COURT:  With there being no objections, the Court

9   will adopt the presentence report, as published.

10          I note the sentencing guidelines have been accurately

11   calculated, and we are going to walk through them right now.

12          Let's see.  You start with a base offense level of

13   33.  Ms. Murphy receives a four-level enhancement because the

14   offense involved the offer or receipt of anything of pecuniary

15   value for undertaking the murder, and that's in accordance with

16   Sections 2A1.5(a) and 2K2.1(c)(1)(A).  This produces an

17   adjusted offense level of 37.  Ms. Murphy receives a

18   three-level reduction for acceptance of responsibility,

19   producing a total offense level of 34.  Ms. Murphy has 12

20   criminal history points.  This places her in Criminal History

21   Category V.

22          This yields the following advisory guideline ranges:

23   For custody, the guideline range is 235 to 293 months.  The

24   guideline for supervised release is 1 to 3 years.  The

25   guideline fine is between $35,000 and $250,000.  Ms. Murphy is

4

1  due to pay a special assessment in the amount of $100 on each

2  count of conviction for a total of $200.

3          For the record, are there any objections to these

4  calculations?  Mr. Fitzpatrick?

5          MR. FITZPATRICK:  No, Your Honor.

6          THE COURT:  Ms. Terrill?

7          MR. TERRILL:  No, Your Honor.

8          THE COURT:  All right.  Mr. Fitzpatrick, do you have

9  anything you would like to present on Ms. Murphy's behalf?

10          MR. FITZPATRICK:  Gladly, Judge.  So, first of all,

11  just to make sure Your Honor is taking the character letters

12  under advisement.  I know they were brought to the Court's

13  attention sort of at the eleventh hour, but I did want the

14  Court to understand Ms. Murphy does enjoy some strong support

15  from her community, her friends, her family.

16          Her mother intended to be here this morning, but I

17  know that she's still suffering from aftereffects of strokes,

18  may have had some trouble making it this morning.  I'm sure she

19  regrets that but has been in strong contact with our office and

20  Ms. Murphy while she's been locked up awaiting sentencing.

21          So that's who has been taking care of Boo Boo, who

22  Your Honor learned about in trial.  Boo Boo is doing great, in

23  case you are wondering.  He's healthy and happy.

24          Your Honor, just briefly, could I approach sidebar?

25          THE COURT:  Yes, you may.

```
 1        [Bench conference with Ms. Terrill and Mr. Fitzpatrick

 2     present.]

 3            MR. FITZPATRICK:  So, Judge, what I wanted to bring

 4    up is the 5K motion.

 5            THE COURT:  Well, it's their motion.

 6            MR. FITZPATRICK:  I just wanted to make sure the

 7    Court had received it and then let them say what they wanted to

 8    say.

 9            THE COURT:  I received it.  So as long as you are

10    here, why don't we take that up?

11            MR. TERRILL:  Your Honor, really the motion speaks

12    for itself.  We do think it's an appropriate case for a

13    downward departure.  Granted, that she did provide substantial

14    assistance.  Obviously, you saw her testimony in trial.  So I

15    won't spend much time there.

16            But I will say we wouldn't have a case if it wasn't

17    for she came forward and she turned over the gun, she gave over

18    her phones, and that's what kickstarted everything.  So,

19    obviously, based off of that, we think that a downward

20    departure is appropriate.

21            THE COURT:  Okay.  And you have made the 50 percent

22    recommendation?

23            MR. TERRILL:  That's correct, Your Honor.

24            THE COURT:  Okay.  I mean, I take a little issue with

25    the math in your motion, and I'm loathe to criticize any
```

1   lawyer's math because -- anyway.  I have a lot of trouble with

2   it sometimes.  I think your motion gave Ms. Murphy acceptance

3   of responsibility credit twice.

4           MR. TERRILL:  Uh-huh.  Okay.

5           THE COURT:  But I can do the math on the 50 percent.

6           MR. TERRILL:  Certainly.

7           THE COURT:  Even I can do that.

8           MR. TERRILL:  We had some differing opinions on it

9   within my office, I will say.  We obviously defer to the Court

10  and just want to make sure that that, you know, consideration

11  is given, and that's obviously my utmost concern.

12          THE COURT:  Okay.

13          MR. FITZPATRICK:  I don't think their math helps me.

14          THE COURT:  I wouldn't ask you to.

15          MR. FITZPATRICK:  Judge, that's why I wanted

16  Ms. Terrill to go first, though, because I wanted to really

17  emphasize the point that there wouldn't be a case without

18  Ms. Murphy's assistance and cooperation.  She gave it to them

19  on a silver platter and then tied it up with a nice bow in

20  trial.

21          And, as a defense attorney, I felt bad for poor Dom

22  and Barre.  They were really doing their best, but there wasn't

23  anything to do.  She was an excellent witness and brought the

24  case home and put those people away.

25          And I think that punishing her for that would send a

1   message to the community that, you know, if you are in that

2   situation, don't go to the police because you'll get in trouble

3   too, and I think that that's not the message that the Court

4   wants to send.  I don't think that that's what Ms. Murphy

5   deserves.  I think that she did the right thing.

6           I didn't file a sentencing memo.  Usually, I do.  You

7   know that I usually do.  It's not because Ms. Murphy hasn't had

8   a lot of bad stuff happen in her life, all kinds of mental

9   illness and abuse and neglect and all the juicy stuff that goes

10  in mitigation, but she still did the right thing.

11          THE COURT:  She did.

12          Well, I'm going to grant the motion.  So you don't

13  have to worry about that.

14          MR. FITZPATRICK:  Thank you.

15          It's not just the -- a good example of the case for

16  50 percent, it's the ultimate case for a 50 percent.  And,

17  frankly, I think that if there wasn't an office policy to cap

18  it at 50 percent that these particular prosecutors would have

19  recommended lower.  I can't speak to that.  I am not gonna put

20  words this their mouth, but, reading between the lines, I think

21  that's what they wanted to happen.  I think that's what the

22  community wants to happen.  I think that's what should happen.

23          THE COURT:  Okay.

24          MR. FITZPATRICK:  Honestly, I'll leave it at that.

25          THE COURT:  All right.  Anything else you want to

1    say?

2                MR. TERRILL:  No, Your Honor.

3                THE COURT:  Okay.

4         [In open court.]

5                THE DEFENDANT:  So I can talk now, sir?

6                THE COURT:  Just one second.

7                All right.  So, while we were at sidebar, I

8    entertained the Government's 5K motion, and I am going to grant

9    that motion.

10               So, Ms. Murphy, I'll hear anything you would like to

11   say.

12               THE DEFENDANT:  I would just like to say that the

13   only thing I'm sorry for -- I'm not sorry for anything I did or

14   anything, how this turned out.  I'm just sorry that I didn't

15   come forward a lot sooner, and then I let my addiction, you

16   know, take control.  This has given me a chance to, like, open

17   my eyes a little more, too.

18               And I'm sorry for that man, mainly what he went

19   through.  Please let him know I'm sorry for everything he's

20   gone through, and I hope he can continue his life and still be

21   productive after this because I know that can be scary.  Hell,

22   it was scary for me, and I wasn't even the one that was being

23   mainly threatened.  So I can only imagine what he feels.

24               And I just want to go home to Boo Boo.  I just want

25   to go home to my dog, take care of my mama, and stay off drugs

1   and live a productive life.  And maybe I'll see her in the near

2   future.  But on a for-real note, I just want to go home to my

3   dog.  That's all I want to do is go home to my dog, and I'm

4   sorry for the Court's -- I'm sorry.

5          THE COURT:  Okay.  Okay.  All right.  What's the

6   position of the United States?

7          MR. TERRILL:  Your Honor, we'll just defer to our

8   motion that's already been discussed.  I do want to note, just

9   for record purposes and make the court aware, that the victim

10  was notified of today's proceeding.  I just want to make sure

11  that's noted.

12         THE COURT:  Okay.  All right.  Ms. Murphy, I have

13  considered all the information that's available to me.  That's

14  what's contained in the presentence report, the character

15  letters, the course of the trial, as well as everything I've

16  heard here today in court.

17         I have considered the sentencing factors and the

18  sentencing objectives of Section 3553(a) of Title 18 of the

19  United States Code as well as the sentencing guidelines.  I'm

20  required to consider those in every case and then consider the

21  facts of this your case and ultimately determine a sentence

22  that I believe is sufficient, but not greater than necessary,

23  to address all those factors and objectives.

24         I am hopeful that you can find a different path

25  forward in your life.  I hope that this can be a turning point

1  for you, you know, where you can move forward in a different

2  more positive way.  You know, that means, while you are in

3  custody, taking advantage of substance abuse treatment.  Some

4  of that treatment may -- some of those programs may shorten the

5  time that you are in custody.  There's a lot of other resources

6  potentially available to you.  I would encourage you to take

7  advantage of all of them.

8          You know, don't count your time.  Make your time

9  count while you are in custody.  And do everything that you can

10  do to equip yourself to be in a different position when you

11  return to the community.

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  I want that for you.

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Obviously, the United States has made a

16  substantial recommendation for the reduction of your sentence.

17  I definitely think that's appropriate.  I'm gonna -- I'm going

18  to depart a little further simply because of what became

19  obvious to me during the trial and what I've heard here today

20  in court.  The United States would not have had a case had you

21  not come forward.

22          I think that's important, and I want to recognize

23  that.  And I want to commend you for making the decision to do

24  that, knowing that you would put yourself in substantial

25  jeopardy, at least with the legal system.

1        But that also doesn't change the fact that this is a

2   serious, a very serious crime.  It was a serious conspiracy,

3   and it involved people who were very committed to going forward

4   with that murder.

5        So I am gonna give you the 50 percent reduction

6   recommended by the United States, and I'm gonna give an

7   additional 10 percent.  So that would -- by my calculation,

8   that would make 94 months the total amount of your sentence.

9        I'm gonna sentence you to each count to 94 months to

10  be served concurrently.  So that means you'll serve it once,

11  94 months.  You'll receive credit for the time you've been in

12  custody awaiting the sentencing.  And I just want to encourage

13  you to take advantage of all the resources that are gonna be

14  available to you --

15        THE DEFENDANT:  Yes, sir.

16        THE COURT:  -- and move forward.

17        Okay.  That's the sentence I intend to enter.  If you

18  will stand, I'll read your sentence.

19    [The defendant and counsel confer off the record.]

20        THE COURT:  Pursuant to the Sentencing Reform Act of

21  1984, it is the judgment the Court that the defendant, Rebecca

22  Elizabeth Murphy, is hereby committed to the custody of the

23  United States Bureau of Prisons to be imprisoned for a term of

24  94 months.  This term consists of 94 months as to Count 1 and

25  94 months as to Count 3, said terms to run concurrently.

1    The Court recommends the defendant be imprisoned at

2 an institution where a residential comprehensive substance

3 abuse treatment program is available as well as a mental health

4 treatment program.

5    Upon release from imprisonment, the defendant shall

6 be placed on supervised release for a term of 3 years on each

7 of Counts 1 and 3, said terms to run concurrently.

8    Within 72 hours of release from the custody from the

9 Bureau of Prisons, the defendant shall report in person to the

10 probation office in the district to which she is released.

11    While on supervised release, the defendant shall not

12 commit any federal, state, or local crimes.

13    The defendant shall be prohibited from possessing a

14 firearm or other dangerous device and shall not possess a

15 controlled substance.

16    In addition, the defendant shall comply with the

17 standard conditions of supervised release as recommended by the

18 United States Sentencing Commission and on record with this

19 court.

20    The Court orders the defendant also comply with the

21 following special conditions of supervised release, all of

22 which are referenced in Part F of the presentence report:

23 Urine surveillance, drug and/or alcohol treatment, mental

24 health evaluation and any recommended treatment, and the model

25 search condition.

1          The Court finds the defendant does not have the

2     ability to pay a fine; therefore, a fine is not imposed.

3          The Court finds the advisory guideline range is not

4     appropriate to the facts and circumstances of this case and

5     would not provide a reasonable sentence under the circumstances

6     having granted the motion of the United States.

7          It is ordered the defendant pay a special assessment

8     in the amount of $100 on each count of conviction -- that's

9     Count 1 and 3 -- for a total of $200, which shall be due

10    immediately.

11         All right.  Ms. Terrill, does the United States have

12    a motion regarding the remaining counts?

13         MR. TERRILL:  Yes, Your Honor.  We motion to dismiss

14    the remaining counts against Ms. Murphy.

15         THE COURT:  All right.  Counts 4 and 5 against

16    Ms. Murphy are dismissed.

17         Okay.  Did we do a preliminary order of forfeiture?

18         THE CLERK:  Yes.

19         MR. TERRILL:  Yes, Your Honor, we have in this case.

20         THE COURT:  All right.  Well, we'll make that final

21    as part of the judgment, to the extent we will be probably

22    making it final multiple times.

23         Okay.  All right.  Ms. Murphy, you do have 14 days to

24    appeal this sentence.  If it is your wish to file an appeal,

25    Mr. Fitzpatrick can assist you in filing that notice of appeal.

14

```
 1              Mr. Fitzpatrick, any objections or any other matters
 2    we need to put on the record at this time?
 3              MR. FITZPATRICK:  No legal objections, Judge.  I
 4    still think that's excessive given everything.
 5              THE COURT:  Okay.  I understand.
 6              All right.  Anything from the United States?
 7              MR. TERRILL:  No, Your Honor.
 8              THE COURT:  Okay.  Ms. Murphy, I really do wish you
 9    the best.
10              THE DEFENDANT:  Thank you.
11              THE COURT:  All right.
12         [Recess.]
13              THE CLERK:  We are back on the record in Criminal
14    Action 24-77, United States of America versus Rebecca Elizabeth
15    Murphy.
16              The parties ready to proceed?
17              MR. FITZPATRICK:  Ready.
18              MR. TERRILL:  Yes, Your Honor.
19              THE COURT:  Okay.  So I understand that we do have a
20    statement from the victim.
21              MR. TERRILL:  Yes, Your Honor.  May I have just one
22    moment.
23              THE COURT:  You may.
24         [Duly sworn.]
25              THE COURT:  All right.  Sir, before we begin, would
```

```
 1   you state your name and spell it for the record, please.

 2            MR. MENA:  Yeah.  My name Raul Mena.  R-A-U-L.

 3   M-E-N-A.

 4            THE COURT:  Thank you.

 5            Ms. Terrill, how do you want to proceed?  Is Mr. Mena

 6   going to make a statement, or do you have questions?

 7            MR. TERRILL:  No, Your Honor, no questions.  Just an

 8   opportunity to make a statement and address the Court.

 9            MR. MENA:  Thank you for giving me the time to speak

10   today.

11            THE COURT:  Of course.

12            MR. MENA:  Thank you so much.

13            I want to tell you about -- speak face-to-face.  I

14   thank you.  Thank you for saving my life.  Thank you.  You

15   know?  Thank you for letting me wake up to my kids every

16   morning.  You know?  To celebrate their birthdays, their

17   Christmases, their accomplishments.  You know, thank you for

18   sparing them.  You know, for not having to feel the pain of

19   losing their dad and not having to go through that pain.  Thank

20   you.  Thank you.  You know, I can never repay you for that.

21            I just ask this court to give you mercy because I

22   wouldn't be here if it wasn't for you standing before them.

23   But thank you.  Thank you for sparing me and my kids and all

24   the pain.  I know you did what you had to do.  You know?  But I

25   appreciate it from the bottom of my heart.  Thank you so much
```

```
 1    for everything you have done for me and my family.

 2                THE DEFENDANT:  Yes, sir.

 3                MR. MENA:  I just wanted to be able to tell you that.

 4                THE DEFENDANT:  I'm so sorry.

 5                MR. MENA:  I accept your apologies.  All right.

 6                Thank you, Your Honor.

 7                THE COURT:  All right.

 8                MR. MENA:  I ask you, please -- and I know you have

 9    sentenced her, but this woman has saved me.  She has not once

10    but twice.  Y'all don't know about the second time, but she

11    saved me twice.

12                I was on my way to South Carolina, and, if she didn't

13    turn these people in, I wouldn't have made it back from South

14    Carolina.  I wouldn't have made it back because my life was

15    still in danger, but she turned them in.  And I was able to

16    walk out of South Carolina safe all because of her because --

17    just because she said no, it wasn't over at the time.  They

18    still had a contingency plan.  You know?

19                I know she did -- I know she can't go unpunished.  I

20    know that, but she did save me.  She saved me twice.  And, for

21    that, I mean, my kids have been through a lot, a lot in the

22    last 6 years.  And just the thought of they already lost their

23    mother and not having a father, it would have been a lifetime

24    of pain.

25                Thank you.  Thank you for hearing me out and thank
```

1   you.

2          THE DEFENDANT:  Thank you.

3          THE COURT:  Mr. Fitzpatrick, do you have any

4   questions?

5          MR. FITZPATRICK:  I don't have any questions, Your

6   Honor.  I do have a motion.

7          THE COURT:  Okay.

8          MR. FITZPATRICK:  Judge, at this point I think an

9   oral motion to reconsider the sentence based on information not

10  previously available to the Court at the time the original

11  sentence was imposed.

12         THE COURT:  Thank you, Mr. Mena.

13         MR. FITZPATRICK:  I don't know how I can top that.

14  That was powerful.  And, Judge, six and a half years for that

15  is horseshit.  Throw me in contempt if you want.  Nobody in

16  this courtroom disagrees with that.

17         THE COURT:  That's a little salty, Mr. Fitzpatrick.

18  I'm not disagreeing with you.

19         Okay.  So, Ms. Terrill, the second attempt, I didn't

20  hear anything about that at trial.  Do you know anything about

21  that?

22         MR. TERRILL:  Your Honor, I wouldn't feel comfortable

23  representing it as a second attempt.  What my understanding --

24  and this is, obviously, just complete candor to the Court.  At

25  the time that the arrests were effectuated against Sandra

1  Grimes and her sisters, Mr. Mena was actually in South

2  Carolina.  It was Mother's Day.  He was taking his daughters to

3  go and see their mother, who lives there.

4         My understanding is that, during that time, though it

5  had been planned this visit, she wouldn't really come to see

6  the kids.  She was scared.

7         My thought, to be frank with Your Honor, is that she

8  thought that she might be getting arrested as well.  I'm not

9  sure.  It also could be that she had a more nefarious plan.

10  And I think that that's what Mr. Mena believes, and I

11  understand why he would have that belief as well.  How could he

12  not after listening through this trial?

13         But I wouldn't feel comfortable saying or

14  categorizing that as a second attempt, but, nonetheless,

15  obviously through that he was made aware at that time what was

16  going on by Nicole.  So he looks at that as something else that

17  Ms. Murphy is responsible in protecting him from.  I certainly

18  wouldn't want to take that away from him.

19         And I also want to note, Your Honor, the most I'll do

20  is refer again to our 5K motion, as it stands, but I did agree

21  with Mr. Fitzpatrick that our victim was not here in time for

22  the hearing due to traffic.

23         And though, obviously, the purpose of today's

24  sentencing is to sentence Ms. Murphy, but I do think there are

25  other things that are important as well.  And that's making

```
 1  sure that he has the opportunity to be heard and to face

 2  Ms. Murphy.  So I wanted to make sure that the Court had the

 3  opportunity to hear what he had so say, but I also wanted to

 4  make sure that he had that opportunity as well because a lot is

 5  involved other than just sentencing.  And that's, you know,

 6  healing for both of them as well.  I just wanted to note all of

 7  that.

 8          I hope I answered your question as best I could about

 9  the second attempt.

10          THE COURT:  Okay.  Mr. Fitzpatrick, anything else you

11  want to add to that?

12          MR. FITZPATRICK:  I'll leave it at that.

13          THE COURT:  Let me speak with you.

14      [Off the record conversation with probation officer.]

15          THE COURT:  Okay.  So I'm going to grant your motion,

16  despite your salty language, Mr. Fitzpatrick.

17          MR. FITZPATRICK:  Thank you, Judge.

18          Mr. Mena, thank you for coming today.

19          MR. MENA:  Thank you.

20          THE COURT:  And because what you said does make a

21  difference to me in terms of the way I sentence Ms. Murphy.

22          Ms. Murphy, I'm still -- I'm going to be honest,

23  I'm -- I recognize that a reduction is appropriate beyond what

24  was recommended by the United States, which I have already

25  reduced the amount of time we are talking about.  At the end of
```

1    the day, your conduct can't go unpunished, of course.

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  But I think the appropriate sentence in

4    your case is 60 months.  I'm sure that's more than you would

5    like.  But that reflects the seriousness of the crime, but that

6    also substantially recognizes your conduct in reporting the

7    offense and all that occurred and was part of it.

8              In reality, your guideline goes from 235 months to

9    60 months.  You have substantially helped yourself, ma'am.

10             That tells me that you are already along the way to a

11   change in your life.  It tells me that you do have a moral

12   compass, and I am glad that you and Mr. Mena had the

13   opportunity to be in each other's presence for this hearing

14   today.  I am hopeful that that is a positive step for both of

15   you moving forward.  And, you know, we can choose to look back

16   on things and ruminate on them forever or we can choose to move

17   forward.  And I'm hopeful that this is an opportunity for both

18   of you to move forward.

19             But I do believe, under the circumstances, that the

20   sentence is 60 months.  Like I said before, you will receive

21   credit for the time you have been in custody, and I do want to

22   encourage you to take advantage of those resources while you

23   are in custody so that you return to the community equipped to

24   do different things, make different decisions, and be on a

25   different path than you were on before.

1            THE DEFENDANT:  Yes, sir.

2            THE COURT:  All right?

3            Okay.  All right.  So we are going to grant your

4    motion, Mr. Fitzpatrick, and we will adjust the sentence amount

5    before it's entered.

6            MR. FITZPATRICK:  Thank you, Your Honor.

7            THE COURT:  All right.  Anything else that we need to

8    take up while you are here?

9            MR. TERRILL:  No, Your Honor.

10            THE COURT:  Ms. Murphy, you still have the same

11    appellate rights:  14 days to appeal the sentence.  If you wish

12    to file an appeal, Mr. Fitzpatrick will assist you.

13            THE DEFENDANT:  Yes, sir.

14       [Recess.]

15

16

17

18

19

20

21

22

23

24

25

Melanie Wilkins, RMR, CRR
Federal Official Court Reporter
155 St. Joseph Street
Mobile, Alabama  36602

```
1   STATE OF ALABAMA)
                    :
2   COUNTY OF MOBILE)        UNITED STATES OF AMERICA
                                     VS.
3                           REBECCA ELIZABETH MURPHY
                              CASE NO. CR24-00077
4

5

6        I, Melanie Wilkins, do hereby certify that the above

7   and foregoing transcript of proceedings in the matter

8   aforementioned was taken by me in machine shorthand on

9   January 27, 2025, and the questions and answers thereto were

10  reduced to writing under my personal supervision using

11  computer-aided transcription, and that the foregoing represents

12  a true and correct transcript of the proceedings upon said

13  hearing.

14

15       I further certify that I am neither counsel nor

16  related to the parties to the action, nor am I in anywise

17  interested in the result of said cause.

18  Dated:  February 27, 2025
    Pages 1 to 22, inclusive
19

20

21       _____
         Melanie Wilkins, Official Court Reporter
         Registered Merit Reporter
22       Certified Realtime Reporter
         U.S. District Court, So. District of AL
23       155 St. Joseph Street
         Mobile, Alabama  36602
24

25
```

Melanie Wilkins, RMR, CRR
Federal Official Court Reporter
155 St. Joseph Street
Mobile, Alabama  36602